SCRIPTURE *against* NEWCOMB.

In an action brought in the name of the payee of a promissory note not negotiable, for the benefit of the assignee, against the maker, the declarations of such payee, made after the assignment and notice thereof to the maker, are not admissible in favour of the defendant.

Where a deposition taken in the state of *New-York*, to be used in a cause pending in the superior court in this state, was directed to the *supreme* court to be holden in the county in which such cause was pending; it was held, that the deposition was not inadmissible, by reason of such direction.

THIS was an action brought for the benefit of *Walter Newcomb*, the assignee of a promissory note not negotiable, dated *March* 14th 1842, in the name of *Loren H. Scripture*, the payee, against *Hope Newcomb*, the maker. The defendant pleaded a discharge; on which issue was joined; and the cause was tried, on that issue, at *Tolland, April* term 1844, before *Hinman J.*

*Tolland,*
August, 1844.

Scripture
*v.*
Newcomb.

The defendant gave in evidence a writing, purporting to be a receipt of money and a discharge of the note, dated *March* 15th, 1842, signed by *Loren H. Scripture*. *Walter Newcomb*, the assignee of the note, then introduced evidence to prove, and claimed that he had proved, that the note was made by the defendant, for the purpose of being assigned by the payee, to him, (*W. Newcomb* ;) and that it was so assigned by indorsement, on the day after the making thereof ; and that notice of such assignment was then given to the defendant, before any payment of the note, or any discharge thereof ; with proof also, that *Scripture*, when the note was given, was, and ever since has been, wholly insolvent.

To contradict the evidence thus introduced, the defendant offered to prove the declarations of *Scripture*, made after the assignment of the note, and notice thereof to the defendant. To the admission of such declarations, thus made, the counsel for *W. Newcomb* objected ; and the court, sustaining the objection, rejected them. No other evidence being offered, the plaintiff had a verdict.

In the course of the trial, the plaintiff offered in evidence the deposition of *Maria Holman*, properly taken and duly authenticated, in the state of *New-York*, and in all respects according to law, except the direction, which was "To the supreme court, to be holden at *Tolland*, within and for the county of *Tolland*, on the third *Tuesday* in *April*, 1844." The defendant objected to said deposition, because it was so directed, and was not directed to the superior court, to be holden, &c. The court overruled the objection, and admitted the deposition.

The defendant 'moved for a new trial, on the ground of error in rejecting the evidence offered by him, and in admitting the plaintiff's deposition. This motion was reserved in the usual manner.

*C. Willey*, in support of the motion, contended, 1. That the declarations of *Scripture*, were improperly rejected ; he being a party on the record—the plaintiff in the suit. In the first place, the general rule is well established, that the declarations of a party in the suit, though a mere trustee, or having a nominal interest only, may be proved, by the adverse party. *Bulkley* v. *Landon*, 3 *Conn. R.* 76. *Bauerman* v.

*Tolland,*
*August, 1844.*

*Scripture*
*v.*
*Newcomb.*

*Radenius,* 7 *Term R.* 663. *Norden* v. *Williamson,* 1 *Taun.* 378. *The King* v. *Hardwick,* 11 *East* 578. *Craib* & ux. v. *D'Aeth, Trin.* 30 *Geo.* 3. 7 *Term R.* 670. Secondly, our statute of *May* 1822, was never intended to inpugn or vary the rules of evidence: they continue as they were before. It relates exclusively to the *effect,* the *availableness*—of a "discharge, admission, payment or other transaction," after an assignment and notice. *Stat.* 61. *s.* 1. (ed. 1838.) The plaintiff would have, and undoubtedly had, the benefit of this statute with the jury; but it would not exclude evidence, which was otherwise admissible.

2. That the deposition offered by the plaintiff, ought not to have been received, by the superior court, not being directed to that court. As depositions taken out of the state are *ex parte,* the requirements of the law ought to be strictly complied with. A deposition directed to "the supreme court," can no more be used in the superior court, than if directed to a justice of the peace.

*Strong* and *Waldo,* contra, contended, 1. That the admissions of *Scripture,* made after his assignment of the note and notice thereof given to the defendant, were not admissible in evidence. In the first place, this is so on general principles. Why are the admissions of a party received in any case? Obviously, because they were made against his interest; and it is a reasonable presumption, that no person will admit a fact against his own interest, unless it is true. 1 *Stark. Ev.* 51. Secondly, when *Scripture* made the admissions in question, he had ceased to have any interest in or controul over the note. *Hackett* v. *Martin,* 8 *Greenl.* 77. *Frear* v. *Evertson,* 20 *Johns. R.* 142. *Legh* v. *Legh,* 1 *Bos.* & *Pul.* 447. *Mountstephen* v. *Brooke,* 1 *Chitt. R.* 390. (18 *E. C. L.* 111.) *Parker* v. *Grout,* 11 *Mass. R.* 157. n. *Jones* v. *Witter,* 13 *Mass. R.* 304. *Eastman* v *Wright,* 6 *Pick.* 316. 322. [Other cases were on the brief.] Thirdly, the statute of 1822, passed since the decision in *Bulkley* v. *Landon,* and probably in consequence of it, precludes the evidence in question. By that statute, the admission of the assignor, made after assignment and notice, when given in evidence, is to be no otherwise avoidable in favour of the defendant, than it would be in court of equity. But in equity, such admission would not be

available at all, and would not be received. 2 *Sto. Eq.* 318. s. 1057. and the cases above cited. Why should a court of law, any more than a court of equity, receive evidence which can have no effect?

2. That the deposition of *Maria Holman* was properly admitted. *Thompson* v. *Stewart*, 3 *Conn. R.* 171.

STORRS, J., the first question in this case, is, whether the declarations of the assignor, confessedly made after the assignment and notice thereof to the maker, were admissible on behalf of the defendant.

Although the declarations were made after the assignment, and after the assignor had ceased to have any interest in the note, and when therefore the general reason on which such admissions are usually received, founded on a supposed interest to make a different declaration, did not exist, they would, according to the decisions which had been made in this state prior to the passing of the act of 1822, (*Stat. p.* 66. §1.) undoubtedly have been admissible in favour of the defendant, it being for the jury to determine the weight to which they would be entitled. *Bulkley* v. *Landon*, 3 *Conn. R.* 78. *Plant* v. *McEwen*, 4 *Conn. R.* 544. *Johnson* v. *Blackman*, 11 *Conn. R.* 389. It is not necessary here, nor do we intend, to impugn the general principle established in those decisions. That statute however provides, that " whenever the defendant in any suit upon a bond, note, or other chose in action not negotiable, shall plead or give in evidence the discharge, admission, or other act of the plaintiff, or any payment to him, or transaction whatsoever between the plaintiff and defendant, it shall be lawful for the plaintiff to reply or prove, as the case may require, an assignment of such chose in action, and notice thereof given to the defendant ; and on the same being made to appear, such discharge, admission, payment, or other transaction shall be no otherwise available in such suit, in favour of the defendant, than the same would or ought to be in a court of equity." In the present case, it was conceded, that there had been an assignment of the note on which the suit was brought, to the person on whose behalf it was prosecuted, and notice thereof given to the defendant. The defendant gave in evidence a discharge from the plaintiff on the

*Tolland,*
August, 1844.

Scripture
*v.*
Newcomb.

record, and claimed, that it was executed before said assignment, which was denied and claimed to be disproved, by the plaintiff. The declarations of the assignor, made subsequent to the assignment, were then offered by the defendant, to shew, that the discharge was prior to the assignment. It is a case where the defendant gave in evidence and relied on a discharge,—where there had been an assignment of the claim with notice,—and where the subsequent admissions of the assignor were offered to support that discharge ; and is, therefore, plainly embraced in the statute above recited. It provides, that neither such discharge nor admission shall be otherwise available for the defendant, than they would be in a court of equity. In such a court, there is no doubt, that both the discharge and the admissions of the assignor, made after the assignment, would be entirely unavailing, and therefore inadmissible. The declarations offered in evidence by the defendant, were therefore properly excluded, unless we adopt the absurdity that it is the duty of a court to admit evidence, which by statute is made utterly unavailing. It would indeed be very singular, if the declarations of the assignor, made after the assignment, should be held to affect the assignee, when even a charge then executed by him would be wholly ineffectual. The counsel for the defendant has treated the case as if there was a question between the parties, on the trial, whether the declarations offered to be proved by him were made before or after the assignment. If that were the case, it would present a very different question from the one now before us. The declarations here were confessedly made after the assignment ; and we place our decision on that ground.

The objection to the admission of the deposition, on the ground that it was not properly directed, has not been strenuously pressed. On the principle settled in *Thompson* v. *Stewart*, 3 *Conn. R.* 171. it was clearly admissible. There was obviously a mistake as to the style of the court to which it was meant to be directed, which was undoubtedly the superior court. We have no such court as the " supreme court." The word " supreme" may, therefore, be disregarded ; and then it would be a direction to the court then in session ; which would be sufficient ; for that would be the superior court, and no other.

A new trial, therefore, should not be granted.

In this opinion the other Judges concurred, except WAITE, J., who was not present.

New trial not to be granted.